## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NORMAN DORN,**

      **Plaintiff,**

v.                                         **CASE NO.: _____**

**BANK OF AMERICA, N.A., a**
**national bank, as**
**successor by merger to BAC**
**HOME LOANS SERVICING,**               **JURY TRIAL DEMANDED**
**LP,**

      **Defendant.**

_____/

## VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

Plaintiff Norman Dorn ("Dorn" or "Plaintiff"), by and through the undersigned law firm, sues Defendant Bank of America, N.A., a national bank, as successor by merger to BAC Home Loans Servicing, LP, and states as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. § 559.55 *et seq*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as Plaintiff brings, among other claims, claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4      Plaintiff Norman Dorn is a natural person resident in the City of Brooksville, County of Hernando, State of Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2).

5.      Defendant Bank of America, N.A., a national bank, as successor by merger to BAC Home Loans Servicing, LP ("Defendant" or "BOA"), doing business in the State of Florida, acted as a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72.

6.      All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The conduct alleged herein

was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Plaintiff's will in an attempt to break the Plaintiff and have him pay amounts owed long after the Debtors were given all necessary information and persuasion and negotiation failed, as demonstrated by Plaintiff expressly communicating to the Defendant to stop calling Plaintiff.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise unlawfully attempt to collect debts from Debtors.

## FACTUAL ALLEGATIONS

10. Defendant instituted foreclosure proceedings against the Plaintiff's real property located at 3446 Grand Forks Dr., Land O' Lakes, Florida 34639 (the "Real Property") in June 2009.

11. On or about August 6, 2009, Dorn, together with his wife, Janet Dorn, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida (the "Voluntary Petition"). Case No., 8:09-bk-17295-MGW, Doc. 1.

12. Also in August 2009, Dorn surrendered the Real Property to Defendant.

13.     Along with the Voluntary Petition, the Dorns filed with the United States Bankruptcy Court a "Statement of Intention" indicating that the Real Property would be surrendered.  A copy of that Statement of Intention is attached as **Exhibit "A."**

14.     On November 16, 2009, the Bankruptcy Court entered a discharge order in Dorn's bankruptcy proceedings. Case No. 8:09-bk-17295-MGW, Doc. 19.  The Bankruptcy Court provided Defendant notice of the discharge order on November 18, 2009.  Case No. 8:09-bk-17295-MGW, Doc. 20, p. 3.

15.     Pursuant to 11 U.S.C. § 524(1)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

16.     On June 18, 2010, nearly a year after surrendering the Real Property to Defendant, Plaintiff received a letter from Defendant, stating that "We [Defendant] previously notified you that we had not received evidence of existing and acceptable hazard (homeowner's) insurance on the above referenced property.  According to your loan agreement, acceptable insurance coverage must be maintained on your home at all times. Therefore, as provided for in the loan agreement, we have purchased Lender-Placed Insurance ***at your expense*** in the amount of $10,409.94." (emphasis added).  A copy of that letter is attached as **Exhibit "B."**

17.     The June 18, 2010 Letter went on to state, "The cost of this coverage ***will be charged to you*** and has become an additional debt secured by your mortgage or deed of trust." (emphasis added).

18.     Further, Defendant telephoned and attempted to telephone Plaintiff from approximately August 6, 2009 to present to attempt to collect the alleged debt from Plaintiff (the "Collection Calls"). Defendant made Collection Calls to Plaintiff three to five times per day, three days per week.

19.     Defendant made Collection Calls to Plaintiff on his cell phone, 937-901-5361, three to five times per day, three days per week. Plaintiff instructed Defendant to stop making Collection Calls to him on his cell phone. Nevertheless, Defendant continued to make Collection Calls to Plaintiff on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls to Plaintiff's cell phone, after Plaintiff told Defendant to stop calling him.

20.     Plaintiff's wife also instructed Defendant to stop making Collection Calls to Plaintiff on Plaintiff's cell phone and home telephone. Nevertheless, Defendant continued to make Collection Calls to Plaintiff on Plaintiff's cell phone and home telephone after being instructed to stop calling Plaintiff.

21.     On May 27, 2011, Defendant again sent a letter stating that Defendant had re-issued the force-placed insurance policy it had previously obtained on the Real Property. A copy of the May 27, 2011 Letter is attached as **Exhibit "C."** The May 27, 2011 Letter stated that "Because we have not received evidence of existing and acceptable preferred hazard (homeowner's) insurance on the above referenced property, as provided for in the loan agreement, we have purchased Lender-Placed insurance ***at your expense*** in the amount of $5,340.34." (emphasis added).

22.     Altogether, Defendant demanded payment from Plaintiff in the total amount of $15,750.28 (the "Alleged Debt").

23.     In fact, Dorn had already filed for bankruptcy, stopped making monthly payments, and surrendered the Real Property to Defendant.  Moreover, pursuant to 11 U.S.C. § 524, the discharge injunction prohibited Defendant from taking any action to collect any amounts from Plaintiff.  Therefore, Dorn had no obligations to pay for insurance on the Real Property and the Alleged Debt is not legitimate.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, AS TO DEFENDANT BOA

24.     This is an action against Defendant for violation of 15 U.S.C. § 1692 *et seq.*

25.     Plaintiff re-alleges and incorporate paragraphs 1 through 23, as if fully set forth herein.

26.     Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

27.     The principal business of Defendant is the collection of debts or Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Thus, Defendant is a "debt collector" under 15 U.S.C. § 1692a(6).

28.     The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5) insofar as it is allegedly for primarily personal, family, or household purposes.

29. The letters sent to Plaintiff by Defendant, and the telephone calls and attempted telephone calls to Plaintiff by Defendant, are "communications," as defined by 15 U.S.C. § 1692a(2).

**15 U.S.C. § 1692c(a)(1)**

30. Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part, as follows:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

31. Defendant violated 15 U.S.C. §1692c(a)(1) when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; and (2) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls after Defendant was instructed to stop calling; which was Defendant contacting Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, in violation of 15 U.S.C. §1692c(a)(1).

**15 U.S.C. § 1692d**

    32.    Section 15 U.S.C. § 1692d provides in pertinent part, as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    33.    Defendant violated 15 U.S.C. § 1692d when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he had already surrendered the Real Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls, after Defendant was instructed to stop calling; all of which is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

**15 U.S.C. § 1692d(5)**

    34.    Section 15 U.S.C. § 1692d provides in pertinent part, as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35.      Defendant violated 15 U.S.C. §1692d(5) when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he had already surrendered the Real Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls, after Defendant was instructed to stop calling; all of which is causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

## 15 U.S.C. § 1692e

36.      Section 15 U.S.C. § 1692e provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.      Defendant violated 15 U.S.C. § 1692e when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge

injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he had already surrendered the Real Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, after Defendant was instructed to stop calling; all of which is the use of false, deceptive, or misleading representations or means by Defendant.

## 15 U.S.C. §1692e(2)(A)

38.     Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of —
>
> (A) The character, amount, or legal status of any debt;

39.     Defendant violated 15 U.S.C. § 1692e(2)(A) when (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he had already surrendered the Real Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls, after Defendant was instructed to stop calling; all of which is Defendant using false representations of the character, amount, or legal status of the Alleged Debt as one that could

be collected from Plaintiff and one that could be collected in violation of the discharge

injunction of 11 U.S.C. § 524, and the Telephone Consumer Protection Act.

**15 U.S.C. § 1692e(5)**

40.    Section 15 U.S.C. § 1692e(5) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

41.    Defendant violated 15 U.S.C. § 1692e(5) when Defendant (1) made multiple

telephone calls on multiple days, in multiple weeks, over multiple months, from

approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to

reimburse Defendant for providing insurance coverage, in violation of the discharge

injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he

had already surrendered the Real Property back to Defendant pursuant to his Chapter 7

bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to

five times per day, three days per week, for a total of more than 50 Collection Calls, after

Defendant was instructed to stop calling; all of which is a threat to take an action that

Defendant could not legally take or that was not intended to be taken.

**15 U.S.C. § 1692e(10)**

42.    Section 15 U.S.C. § 1692e(10) provides in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43.    Defendant violated 15 U.S.C. § 1692e(10) when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he had already surrendered the Real Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls, after Defendant was instructed to stop calling; all of which is the use of false representations and deceptive means to collect or attempt to collect the alleged debt.

**15 U.S.C. § 1692f**

44.    Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

45.     Defendant violated 15 U.S.C. § 1692f when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he had already surrendered the Real Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, for a total of more than 50 Collection Calls, after Defendant was instructed to stop calling; all of which is the use of unfair and unconscionable means to attempt to collect the alleged debt.

46.     As a result of Defendant's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

47.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff his actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT BOA

48.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

49.     Plaintiff re-alleges and incorporate paragraphs 1 through 23, as if fully set forth herein.

50.     Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

51.     The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) insofar as it is allegedly for primarily personal, family, or household purposes.

52.     Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

**Fla. Stat. § 559.72(7)**

53.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

54.     Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for providing insurance coverage, in violation of the discharge

injunction under 11 U.S.C. § 524, when Dorn did not owe Defendant any money because he

had already surrendered the Real Property back to Defendant pursuant to his Chapter 7

bankruptcy; and (3) telephoned and attempted to telephone Dorn on his cell phone three to

five times per day, three days per week, for a total of more than 50 Collection Calls, after

Defendant was instructed to stop calling; all of which was willful communication with

Plaintiff with such frequency as can reasonably be expected to harass Plaintiff and was also

the willful engagement by Defendant in other conduct, including violation of the Telephone

Consumer Protection Act, which could reasonably be expected to abuse or harass Plaintiff in

connection with the collection of the Alleged Debt.

**Fla. Stat. § 559.72(9)**

55.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that
the debt is not legitimate or assert the existence of some other legal right when
such person knows that the right does not exist

56.     Defendant violated Fla. Stat. § 559.72(9) when (1) made multiple telephone

calls on multiple days, in multiple weeks, over multiple months, from approximately August

7, 2009 to present; (2) demanded payment of the Alleged Debt to reimburse Defendant for

providing insurance coverage, in violation of the discharge injunction under 11 U.S.C. § 524,

when Dorn did not owe Defendant any money because he had already surrendered the Real

Property back to Defendant pursuant to his Chapter 7 bankruptcy; and (3) telephoned and

attempted to telephone Dorn on his cell phone three to five times per day, three days per

week, for a total of more than 50 Collection Calls, after Defendant was instructed to stop

calling; which was a claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate and/or is the assertion of the existence of the legal right to attempt to collect the Alleged Debt by violation of the Telephone Consumer Protection Act, by unfair and deceptive practices, and in violation of the discharge injunction pursuant to 11 U.S.C. § 524, which are rights Defendant knows do not exist.

57.   All conditions precedent to this action have occurred, have been satisfied or have been waived.

58.   As a result of the above violations of the FCCPA, Plaintiff has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Law Firm is liable to Plaintiff for him actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

59.   Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT BOA

60.    This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq*.

61.    Plaintiff re-alleges and reincorporates paragraphs 1 through 23, as if fully set forth here-in.

62.    Defendant, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

63.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

64.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple telephone calls on multiple days, in multiple weeks, over multiple months, from approximately August 7, 2009 to present; and (2) telephoned and attempted to telephone Dorn on his cell phone three to five times per day, three days per week, after Defendant was instructed to stop calling; which is Defendant's use of an automatic telephone dialing system

to make multiple telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

65.    Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cellular telephone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cellular telephone.

66.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

67.    As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

68.    Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated:  March 8, 2012                                 Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Ste. 210
Tampa, Florida 33609
Phone: (813) 289-3200
Facsimile: (813) 289-3250

**THOMAS A. LASH, ESQ.**
Florida Bar No. 30151
e-mail: tlash@lashandwilcox.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@lashandwilcox.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, <u>NORMAN DORN</u>

STATE OF FLORIDA
COUNTY OF HERNANDO

I, Norman Dorn, having first been duly sworn and upon oath, deposes and says as follows:

1.     I am a Plaintiff in this civil proceeding.

2.     I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Norman Dorn

The foregoing instrument was sworn to and subscribed before me this ___7th___ day of March 2012, by Norman Dorn, who is personally known to me or has produced _____ (type of identification) as identification.

_____
                                                                           Notary Public – State of Florida

My Commission Expires:



GUS M. CENTRONE
MY COMMISSION # EE 027574
EXPIRES: October 26, 2014
Bonded Thru Notary Public Underwriters

20