UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN DORN,

    Plaintiff,

v.                                                                              CASE NO.: 8:12-cv-510-T-23TGW

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**ORDER**

    Norman Dorn alleges that a loan servicer persistently called and sent debt-collection letters to Dorn and his wife.  Bank of America absorbed the loan servicer, and Dorn sues Bank of America under the Telephone Consumer Protection Act (TCPA), the Fair Debt Collection Practices Act (FDCPA), and the Florida Consumer Collection Practices Act.  Bank of America moves (Doc. 9) to dismiss.

    A focus on only the alleged telephone calls resolves Bank of America's motion.  According to the complaint, the loan servicer, seeking money for insurance on Dorn's foreclosed home, started to call Dorn on his cellular phone on August 6, 2009, and continued to call regularly at least until Dorn began this action.  The complaint alleges that Dorn received about four calls, three days each week, and that

Dorn received at least fifty calls after both he and his wife told the loan servicer to stop.

The TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), bars each (non-consensual, non-emergency) automated or pre-recorded call to a cellular phone. Citing *Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230 (11th Cir. 2011), Bank of America argues that the TCPA exempts a call the aim of which is to collect a debt. *Meadows*, however, addresses a section of the TCPA, Section 227(b)(1)(B), and an FCC regulation, 47 C.F.R. § 64.1200(a)(2), that govern a call to a residence. Section 64.1200(a)(2) allows a pre-recorded call to a residence if the caller and a person at the residence share "an established business relationship," which, the FCC states, includes the dealings between a debt collector and a debtor. *Meadows*, 414 Fed.Appx. at 235. The section of both the TCPA and the FCC regulation that governs a call to a cellular phone excludes the "established business relationship" exception. As a result, the TCPA prohibits most automated or pre-recorded calls from a debt collector to a debtor's cellular phone. *Breslow v. Wells Fargo Bank, N.A.*, --- F.Supp.2d ----, 2012 WL 1448444, *4-*5 (S.D. Fla. 2012) (Scola, J.); *Adamcik v. Credit Control Servs., Inc.*, --- F.Supp.2d ----, 2011 WL 6793976, *5-*7 (W.D. Tex. 2011). A call to which the debtor consents avoids that prohibition, and Bank of America argues Dorn consented to each call. The argument fails both because at this stage Bank of America cannot contradict the complaint, which alleges that Dorn revoked his consent, and because consent constitutes an affirmative defense that

Bank of America bears the burden to prove. *Breslow*, --- F.Supp.2d ----, 2012 WL 1448444 at *3.

The FDCPA governs a "debt collector" who attempts to collect a "consumer debt." *Erickson v. Gen. Elec. Co.*, --- F.Supp.2d ----, 2012 WL 601171, *3 (M.D. Fla. 2012) (Dalton, J.). Bank of America claims not to qualify as a "debt collector." (Perhaps Bank of America intends to say that the loan servicer fails to qualify as a "debt collector.") Bank of America cites *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458 (11th Cir. 2009), and contends that each attempt to convince Dorn to pay for his foreclosed home's insurance constitutes an attempt to enforce a security interest instead of an attempt to collect a debt.

First, unlike the unpublished *Warren*, the recently published *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, --- F.3d ---, slip op. at 12 n.3 (11th Cir. May 1, 2012) (Carnes, J.), declines to decide "whether a party enforcing a security interest without demanding payment on the underlying debt is attempting to collect a debt . . . ." Second, and more importantly, even if Bank of America sometimes enforces (or the loan servicer sometimes enforced) a security interest, the calls that Dorn allegedly received pursued a debt; the caller wanted money supposedly owed by Dorn to pay for insurance on Dorn's foreclosed home. Third, "a communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." *Reese*, --- F.3d ---, slip op. at 11-12. Each

call therefore equals an attempt to collect a debt even if, as Bank of America asserts, each call also involved the foreclosure of Dorn's home.[*]

Although Bank of America insists that the complaint fails to allege sufficient facts, the amount of detail that Bank of America demands approaches the standard for alleging fraud. Dorn's factual allegations are succinct but sufficient.

The motion (Doc. 9) is **DENIED**.

ORDERED in Tampa, Florida, on May 17, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Bank of America concedes that the supposed insurance requirement arises from Dorn's "loan documents" rather than from Dorn's mortgage (Doc. 9 at 6), and under the FDCPA a loan for a home purchase and a security interest enabling a foreclosure are distinct. *See Reese*, --- F.3d ---, slip op. at 6-7 (discussing the difference between a promissory note and a security interest).